■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v AMERICAN TRANSIT INSURANCE COMPANY, Appellant, and RICHARD AINA et al., Respondents. ZACK'S BOILER & MECHANICAL Co. et al., Proposed Additional Respondents. [777 NYS2d 753]—In a proceeding pursuant to CPLR article 75 to permanently to stay arbitration of a claim for uninsured motorist benefits, American Transit Insurance Company appeals, as

limited by its brief, from so much of an order of the Supreme Court, Kings County (Silverman, J.H.O.), dated October 29, 2002, as, after a hearing, granted the petition and permanently stayed arbitration.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the petition is denied, and the proceeding is dismissed.

Allstate Insurance Company (hereinafter Allstate) commenced this proceeding to permanently stay arbitration of a claim for uninsured motorist benefits arising from an accident involving a vehicle insured by Allstate and a vehicle owned by Zack's Boiler & Mechanical Co. (hereinafter Zack's Boiler). The Supreme Court granted the petition, finding that at the time of the accident, the appellant was responsible for providing coverage for the vehicle owned by Zack's Boiler. However, the record does not support such a finding. Accordingly, the petition should have been denied and the proceeding dismissed. Ritter, J.P., Townes, Mastro and Skelos, JJ., concur.